**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lester Alexander Dunnings, Jr., | No. CV-19-03286-PHX-DGC (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, Director of the Arizona Department of Corrections; and Mark Brnovich, Attorney General of the State of Arizona, | |
| Respondents. | |

Petitioner Lester Dunnings is confined in Arizona state prison. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docs. 1, 6. Magistrate Judge Deborah Fine has issued a report recommending that the petition be dismissed as time barred ("R&R"). Doc. 22. Dunnings has filed an objection, which is fully briefed. Docs. 23, 25, 26. For reasons stated below, the Court will accept the R&R and dismiss the petition.

**I.   Background.**

Dunnings pled guilty in state court to theft of means of transportation and multiple counts of kidnapping and second-degree murder. Docs. 15 at 9-20, 16 at 29-62; *see Arizona v. Dunnings*, No. CR-11-005457-001 (Ariz. Super. Ct. 2011); Judicial Branch of Arizona, Maricopa County, http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/

caseInfo.asp?caseNumber=CR2011-005457 (last visited July 20, 2020). He was sentenced to 28 years in prison in December 2013. Doc. 15 at 30-36.

In February 2014, Dunnings filed a notice of post-conviction relief ("PCR") pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. Doc. 16 at 66-67. Appointed counsel for Dunnings advised the trial court that counsel had conducted a thorough review of the record but had found no colorable claim of error. *Id.* at 69-70. The court gave Dunnings until December 5, 2014 to file a pro se PCR petition. *Id.* at 72-73. Dunnings failed to file a petition, and the court dismissed the PCR proceeding on January 9, 2015. Docs. 17 at 3, 17-1. Dunnings had 35 days – until February 13, 2015 – to file a petition for review with the Arizona Court of Appeals. *See* Ariz. Rs. Crim. P. 32.9(c)(1)(A) ("No later than 30 days after the entry of the trial court's final decision on a petition or . . . the dismissal of a notice, an aggrieved party may petition the appropriate appellate court for review of the decision."), 1.3(a)(5) (allowing an additional five days for service by mail).[1]

Dunnings filed a successive PCR notice on August 17, 2018, claiming that he did not comprehend the legal proceedings and his plea agreement, that his attorney and the court failed to inquire into his mental capabilities, that he was taking several medications at the time he signed the plea, and that his sentence was incorrect. Doc. 17 at 10-28. The trial court found that the PCR notice was untimely and otherwise failed to state a claim for relief. *Id.* at 5-8. The court recognized that Dunnings had informed the court at sentencing that he cannot read well, but found that Dunnings had failed to demonstrate reasonable diligence in raising a claimed mental deficiency with the court. *Id.* at 7. The Court of Appeals denied relief, finding that Dunnings did not establish that the trial court's denial of his successive PCR petition was an abuse of discretion. *Id.* at 38-51.

With the help of a fellow inmate, Dunnings brought this federal habeas action on May 17, 2019. *See* Docs. 1 at 7, 22 at 4. He asserts one ground for relief in his amended

---

[1] Rule 32 was amended effective January 1, 2020. The time for filing a petition for review is now set forth in Rule 32.16(a). *See James v. Ariz. Dep't of Corr.*, No. CV-18-04545-PHX-JJT (MTM), 2020 WL 2750375, at *3 (D. Ariz. Apr. 21, 2020).

- 2 -

habeas petition: his due process rights were violated when the trial court denied his requests for an additional mental health evaluation and allowed him to enter into a plea agreement unintelligently. Doc. 6. Respondents argue that this action must be dismissed as untimely. Doc. 14. Dunnings counters that his late filing was due to an alleged mental impairment and his limited literacy skills. *See* Doc. 18 at 4 (functional literacy assessment noting a 2.6 grade equivalence).

## II.     The AEDPA's One-Year Limitation Period.

Federal habeas actions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq*. The AEDPA establishes a one-year limitation period for the filing of habeas petitions. § 2244(d); *see Pliler v. Ford*, 542 U.S. 225, 230 (2004). The limitation period generally begins to run when the state conviction and sentence becomes final by the expiration or conclusion of appellate review. § 2244(d)(1)(A).

Statutory tolling is available for the time during which a properly filed PCR proceeding is pending in state court. § 2244(d)(2). Equitable tolling applies where the petitioner shows that "(1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). This Circuit has held that "eligibility for equitable tolling due to mental impairment requires the petitioner to meet a two-part test:

> (1) *First*, a petitioner must show his mental impairment was an 'extraordinary circumstance' beyond his control . . . by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1099-100 (9th Cir. 2010) (citation omitted). "The 'totality of the circumstances' inquiry in the second prong considers whether the petitioner's impairment was a but-for cause of any delay." *Id.* at 1100.

### III. Judge Fine's R&R.

Judge Fine concluded that this habeas action is untimely under the AEDPA's one-year limitation period because Dunnings's convictions and sentence became final on February 13, 2015 – 35 days after the trial court's dismissal of the initial PCR proceeding – and Dunnings did not file his habeas petition until May 17, 2019. Doc. 22 at 4-6 (citing Ariz. Rs. Crim. P. 1.3(a)(5), 32.9(c)(1)(A)). Judge Fine further concluded that the untimely successive PCR proceeding did not statutorily toll the limitation period, and that Dunnings has failed to establish equitable tolling. Doc. 22 at 5-10.

With respect to equitable tolling, Judge Fine found that Dunnings's allegations regarding his mental condition are not sufficient under the AEDPA because the record does not show "at any point during the limitations period that Dunnings's mental impairment was so severe that he 'was unable rationally or factually to personally understand the need to timely file' or that his 'mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.'" *Id.* at 7-8 (quoting *Bills*, 628 F.3d at 1100). Judge Fine noted that "'[l]ow literacy levels, lack of legal knowledge, and need for some assistance to prepare a habeas petition are not extraordinary circumstances to warrant equitable tolling of an untimely habeas petition.'" *Id.* at 8 (quoting *Baker v. Cal. Dep't of Corr.*, 484 Fed. App'x 130, 131 (9th Cir. 2012)). Judge Fine further noted that Dunnings has provided no details of any specific action he took in pursuing his habeas claim before the late filing of the petition. *Id.* at 9 (citing *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020) (explaining that for a litigant to qualify for equitable tolling, "he must show that he has been reasonably diligent in pursuing his rights")).

### IV. Standard of Review.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must

review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## IV.     Dunnings's Objections.

Citing *Pacheco v. Ryan*, No. CV-15-02264-PHX-DGC, 2016 WL 7407242 (D. Ariz. Dec. 22, 2016), Dunnings contends that the trial court erred in dismissing his first PCR proceeding without conducting a review for fundamental error under *Anders v. California*, 308 U.S. 738 (1967).  Doc. 23 at 4.  But Dunnings, unlike the petitioner in *Pacheco*, never filed a timely PCR petition and never raised the *Anders* claim with the state courts.  *See Pacheco*, 2016 WL 7407242, at *6 ("[T]he Arizona Court of Appeals has had an opportunity to either rule on the merits of Petitioner's *Anders* claim or dispose of it on state procedural grounds. . . .  Policy considerations of comity and federalism do not suggest that the Court should dismiss Petitioner's claim as procedurally barred where the state courts have given no indication of an intent to do so, despite having the opportunity.").  Dunnings's *Anders* claim is now procedurally defaulted, *see Coleman v. Thompson*, 501 U.S. 722, 735, n. 1 (1991), and his reliance on *Pacheco* is therefore unavailing.  *See* Doc. 25 at 3-4.

Dunnings does not challenge Judge Fine's conclusion that a low literacy level and the need for some assistance in preparing a habeas petition are not extraordinary circumstances for purposes of equitable tolling, instead asking "[w]here the line should be drawn[.]"  Doc. 23 at 6; *see* Doc. 26 at 5.  Dunnings claims that requiring him to meet the AEDPA's limitation requirements "is analogous to expecting a quadriplegic [to] qualify for the forty-yard dash[.]"  Doc. 23 at 6.  While Dunnings needed help in preparing his habeas petition due to his limited literacy skills, he has not shown that the need for assistance is an "extraordinary circumstance" that made "it *impossible* to file a petition on time."  *Bills*, 628 F.3d at 1097 (emphasis in original); *see Baker*, 484 Fed. App'x. at 131

(citing *Bills* and noting that the petitioner's "evidence does not establish any impossibility due to mental condition or any other extraordinary circumstance").

Dunnings asserts that he has met the two-part test for equitable tolling set forth in *Bills*. Doc. 23 at 7-13. The Court does not agree.

The Ninth Circuit made clear in *Bills* that a petitioner "always remains accountable for diligence in pursuing his or her rights[,]" and a petitioner with a mental impairment must nonetheless "diligently seek assistance and exploit whatever assistance is reasonably available." 628 F.3d at 1100-10. This standard "reiterates the stringency of the overall equitable tolling test: the mental impairment must be so debilitating that it is the but-for cause of the delay, and even in cases of debilitating impairment the petitioner must still demonstrate diligence." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014) (citing *Bills*, 628 F.3d at 1100); *see Cisneroz v. Ryan*, No. CV-15-02000-PHX-JJT (DMF), 2016 WL 8259523, at *5 (D. Ariz. Oct. 25, 2016) (same).

Judge Fine found, correctly, that "the record does not reflect any efforts made by [Dunnings] to timely file a habeas petition, let alone efforts constituting reasonable diligence." Doc. 22 at 9. Thus, even if Dunnings "satisfied the first prong of the *Bills* test, he is unable to show the second prong, that he diligently pursued his claims 'to the extent that he could understand them.'" *Trevizo v. Borders*, No. 1:16-cv-01845-DAD-SKO HC, 2018 WL 3017547, at *12 (E.D. Cal. June 14, 2018) (quoting *Bills*, 628 F.3d at 1100, and noting that "a lack of legal assistance or lack of adequate legal assistance is not grounds for equitable tolling, because there is no right to legal assistance in post-conviction relief"); *see Brown v. Ryan*, No. CV-14-8229-PCT (DJH), 2015 WL 3990513, at *9 (D. Ariz. June 30, 2015) (dismissing habeas action where the petitioner "[did] not explain what efforts he made to pursue his claims" or "explain how his alleged mental health impairment prevented him from filing his petition"); *Tsosie v. Ryan*, No. CV-16-08003-PCT-PGR (JZB), 2016 WL 6089830, at *4 (D. Ariz. Aug. 19, 2016) (dismissing late-filed habeas action where the petitioner "demonstrated no diligence in seeking or locating assistance to assist with the filing of the [p]etition"); *Conoboy v. Ryan*, No. CV-18-8089-PCT-JJT

- 6 -

(DMF), 2018 WL 7515966, at *6 (D. Ariz. Oct. 11, 2018) (dismissing untimely habeas petition where, despite his alleged mental impairment, the petitioner "has not shown that he acted diligently in pursuing his habeas claims"); *United States v. Felix*, No. CR-11-03280-TUC-JGZ, 2019 WL 5718769, at *6 (D. Ariz. Nov. 5, 2019) ("Although the case record reflected that Felix had some difficulty in mental functioning, Felix fails to establish that he suffered from a severe mental impairment that prevented him from timely filing."); *Rosiles v. Pfeiffer*, No. 2:17-cv-02600 KJM GGH P, 2019 WL 3996399, at *5 (E.D. Cal. Aug. 23, 2019) ("Review of the record demonstrates that petitioner has failed to show that his mental impairments were the but-for cause for his delay in filing a timely federal habeas petition.").

This Circuit has "stressed that equitable tolling is unavailable in most cases. Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Bills*, 628 F.3d at 1097 (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); alterations omitted). Dunnings has failed to meet this high burden. The Court will accept Judge Fine's recommendation that this habeas action be dismissed. Doc. 22 at 10.[2]

Judge Fine further recommends denying a certificate of appealability because Dunnings has not made a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2). Doc. 22 at 10; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner does not object to this recommendation and has not otherwise shown that a certificate of appealability is warranted. The Court accordingly will deny a certificate of appealability.

**IT IS ORDERED:**

1. Judge Fine's R&R (Doc. 22) is **accepted**.
2. Dunnings's amended habeas petition (Doc. 6) is **dismissed** with prejudice.

---

[2] Dunnings objects to several factual characterizations in the background section of the R&R (Doc. 23 at 2-3), but those background facts are not relevant to the timeliness of his habeas petition.

3. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied**.

4. The Clerk is directed to **terminate** this action.

Dated this 22nd day of July, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge